UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN D. KILLIAN | CIVIL ACTION |
| VERSUS | NO. 14-1951-SS |
| PATRICK R. DONAHOE, POSTMASTER GENERAL | |

## ORDER

DEFENDANT'S MOTION TO DISMISS (Rec. doc. 8)

**GRANTED**

On August 27, 2014, John D. Killian, Jr. ("Killian"), filed a complaint against Patrick R. Donahoe, Postmaster General of the United States Postal Service ("USPS"), alleging causes of action under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794, and retaliation under Title VII, 42 U.S.C. §2000e. Rec. doc. 1. USPS filed a motion to dismiss for lack of jurisdiction. Rec. doc. 8. The parties consented to proceed before the assigned Magistrate Judge. Rec. doc. 13.

## REHABILITATION ACT

The parties agree that under Gilbert v. Donahoe, 751 F.3d 303 (5th Cir. 2014), cert. den. 135 S.Ct. 251 (October 6, 2014), the Court lacks jurisdiction over the Rehabilitation Act claim. Rec. docs. 8 and 12 at 5. The motion to dismiss is granted as to it.

## RETALIATION

USPS contends that Killian failed to exhaust his administrative remedies regarding the retaliation claim. Killian acknowledges the exhaustion requirements. Rec. doc. 12 at 7.

> Ordinarily, an employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC, or that could not reasonably be expected to grow out of the charge of discrimination.

Filer v. Donley, 690 F.3d 643, 647 (5th Cir. 2012).  Killian contends that the retaliation claim could reasonably be expected to grow out of the charge of discrimination.

1. Background.

    Killian was employed as an Electronic Technician 11 at the New Orleans Processing and Distribution Center.  He received his work assignments from an Oklahoma postal facility.  He was required to answer telephone requests from other post offices to assist in repairing mail processing equipment.  Rec. doc. 1 at 2.  He was over 70.  He suffered from a back problem and needed a walker.  Id.

    In January 2011, he began having difficulties entering the room for morning maintenance meetings, where he and other technicians received assignments, announcements and safety talks.  Because of the configuration of the door to the meeting room and the fact that other technicians tended to sit close to it, Killian had difficulty entering the room.  Id. at 3.  He notified management, who taped the door way to designate six foot clearance for his entrance and exit from the meeting room.  Id.

    On March 8, 2012:  (1) Killian tapped the foot of a co-employee, Michael Burris, as Killian entered the room; (2) Burris kicked the walker; and (3) it fell over.  Id.  On April 6, 2012, he became aware that a co-worker made a statement concerning the March 6 incident that Killian viewed as threatening.  Id.  On April 12 and 19, 2012, his access to the meeting room was obstructed by people standing in the taped area.  Id.  On May 22, 2012, Killian requested that the taped area be increased by two feet and his co-workers be instructed not to interfere with his movements.  He alleges that USPS failed to accommodate him.  Id. at 5.

On August 9, 2012, a co-worker wrote an offensive name in Killian's signature block on a meeting sign-in sheet. Id. at 4-5. On September 5, 2012, a custodial employee was seated in the taped area even though there were empty seats in the meeting room. Id.

Because of the alleged failure to accommodate him, Killian alleges that he "was constrained to resign his employment." Id. at 6.

On August 3, 2012, Killian filed an EEO complaint and referred to the March 8, 2012 incident. He checked the boxes for race (white), age (70), and disability (requires use of walker). He did not check the retaliation box. Rec. doc. 8 (Plybon Declaration – Exhibit 1).

On August 16, 2012, USPS issued an acceptance for investigation. It identified three incidents for the scope of the investigation:

> 1. On March 6, 2012, and ongoing, management and co-workers have not abided by your existing accommodation(s).
>
> 2. On March 8 and 13, 2012, you were informed by management that you were not allowed to attend the Tour 2 morning meetings until the investigation of the March 6, 2012, incident was concluded.
>
> 3. On April 4, 2012, you were issued a 14 Day Suspension based on the March 6, 2012, incident.

Id. (Exhibit 2). On November 21, 2012, USPS acknowledged receipt of Killian's amendment to the complaint. Three incidents were added to the scope of the investigation.

> 4. On April 6, 2012, you became aware co-worker James Melancon had threatened you on March 7, 2012, and management failed to take appropriate action.
>
> 5. On August 9, 2012, a co-worker wrote "Sofonda Cox" next to your name on a sign-in sheet for a standup talk;
>
> 6. On September 5, 2012, you saw a custodian seated inside the taped (off) area of the meeting room.

Id. (Exhibit 3). On December 18, 2012, USPS acknowledged receipt of the final amendment to complaint. The scope of the investigation was modified for one additional item.

> 7. Beginning July 20, 2012, and continuing, management has failed to render a decision on your request for reasonable accommodation.

Id. (Exhibit 4). Killian alleges that because of USPS' failure to provide reasonable accommodation, he was constrained to resign his employment. Rec. doc. 1 at 6. He resigned on January 31, 2013. Rec. doc. 8 (Devine Declaration at para. 3).

2. Analysis.

Killian contends that: (1) he alleges a prima facie claim for unlawful retaliation; (2) his request for accommodation of his disability was protected activity; (3) his failure to check the retaliation box was a technical omission with no consequences; (4) there were instances (use of offensive name at sign-in and custodian seated in the taped area) of retaliation that occurred after the EEO charge; and (5) retaliation reasonably grows out of his charge of discrimination. Rec. doc. 12 at 5-8.

USPS responds that Killian's complaints to the EEO would not have put it on notice to investigate alleged retaliation. Killian did not check the box next to "retaliation." He did not allege any facts indicating that he experienced retaliation during his employment, as none of the issues accepted for investigation encompassed retaliation. He quit on January 31, 2013, but did not amend his formal charge to indicate he was "constrained to resign his employment" as a result of USPS' alleged refusal to accommodate his disability. Rec. doc. 8 (Memorandum at 10).

In Bouvier v. Northrup Grumman Ship Systems, Inc., 350 Fed. Appx. 917, 921-922, 2009 WL 3444765, 3 (5th Cir. 2009), the Fifth Circuit stated:

> Although Bouvier filed a sex discrimination charge with the EEOC, she never referenced a possible claim for retaliation. While this court will read the EEO charge somewhat broadly to determine what EEOC investigations it can

>reasonably be expected to trigger, Bouvier's failure to reference retaliation in the EEO charge defeats her retaliation claim.

Id. The failure to check the box for retaliation can defeat Killian's claim. The issue is whether "[a] reasonable investigation by the EEOC would not have uncovered a potential retaliation claim." Id. "[D]iscrimination and retaliation claims are distinct, and the allegation of one in an EEO charge does not exhaust a plaintiff's remedies as to the other. Id.

Killian cites two instances of retaliation occurring subsequent to his August 3, 2012 charge: (1) the offensive name used to sign him in; and (2) the custodian seated in the taped off area. Rec. doc. 12 at 7. A retaliation claim cannot reasonably be expected to grow out of these incidents or from the other incidents within the scope of the investigation. They do not put USPS on notice to investigate alleged retaliation. In addition, the two incidents do not present fertile grown for a retaliation claim because they refer to actions by Killian's co-workers rather than his employer.

>To establish a prima facie case of retaliation, a plaintiff must show that (1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action.

Stewart v. Miss. Transp. Commission, 586 F.3d 321, 331 (5th Cir. 2009) (emphasis added).

IT IS ORDERED that the motion of the defendant, Patrick R. Donahoe, Postmaster General of the United States Postal Service ("USPS") to dismiss (Rec. doc. 8) is GRANTED.

New Orleans, Louisiana, this 15th day of January, 2015.

_____
SALLY SHUSHAN
U.S. Magistrate Judge